## PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United Sates District Court** Southern District of Florida | **District**: West Palm Beach |
|---|---|

| **Name** (under which you were convicted):<br>Michael Samuels | **Docket or Case No.:** |
|---|---|

| **Place of Confinement:**<br>South Bay Correctional & Rehabilitation Facility<br>P.O. Box 7171<br>South Bay, Florida 33493-7171 | **Prisoner No**: L39056 |
|---|---|

FILED BY ___ CB G ___ D.C.

JUN 07 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

| **Petitioner** (include the name under which you were convicted)<br>Michael Samuels        v. | **Respondent** (authorized person having custody of Petitioner)<br>Mark Inch, Sec'y Fla. Dept. of Corr. |
|---|---|

| The Attorney General of the State of Florida: Ashley Moody |
|---|

### PETITION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: <u>Fifteenth Judicial Circuit in and for Palm Beach County, Florida.</u>

    (b) Criminal docket or case number (if you know): <u>15CF003354AMB.</u>

2. (a) Date of judgment of conviction (if you know): <u>August 25, 2016.</u>

    (b) Date of sentencing: <u>August 25, 2016.</u>

3. Length of sentence: <u>Count 1—fifteen years imprisonment; Counts 2, 3 & 5—five years imprisonment; Counts 6 & 7—time served.[1] All sentences were imposed to run concurrently.</u>

4. In this case, were you convicted on more than one count or of more than one crime?  Yes [X]      No [ ]

5. Identify all crimes of which you were convicted and sentenced in this case: <u>carjacking (Count 1); false imprisonment, victim under 13 years of age (Counts 2 & 3); criminal mischief (Count 5); leaving the scene of an accident involving damage (Count 6); and failure to fulfill duty upon property damage (Count 7).</u>

6. (a) What was your plea? (Check one)

    (1) Not guilty [ ]                 (3) Nolo contendere (no contest) [ ]

    (2) Guilty [X]                      (4) Insanity plea [ ]

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead not guilty to? <u>N/A</u>

    (c) If you went to trial, what kind of trial did you have? (Check one)

        Jury [ ]               Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        Yes [ ]               No [X]

8. Did you appeal from the judgment of conviction?

        Yes [ ]               No [X]

9. If you did appeal, answer the following:

    (a) Name of court: <u>N/A</u>

    (b) Docket or case number (if you know): <u>N/A</u>

---

[1] The state dismissed count 4, aggravated battery with a deadly weapon.

(c) Result: <u>N/A</u>

(d) Date of result (if you know): <u>N/A</u>

(e) Citation to the case (if you know): <u>N/A</u>

(f) Grounds raised: <u>N/A</u>

(g) Did you seek further review by a higher state court? Yes [X]    No [ ]

If yes, answer the following:

   (1) Name of court: <u>N/A</u>

   (2) Docket or case number (if you know): <u>N/A</u>

   (3) Result: <u>N/A</u>

   (4) Date of result (if you know): <u>N/A</u>

   (5) Citation to the case (if you know): <u>N/A</u>

   (6) Grounds raised: <u>N/A</u>

(h) Did you file a petition for certiorari in the United States Supreme Court?

   Yes [ ]  No [X]

   If yes, answer the following: <u>N/A</u>

   (1) Docket or case number (if you know): <u>N/A</u>

   (2) Result: <u>N/A</u>

   (3) Date of result (if you know): <u>N/A</u>

   (4) Citation to the case (if you know): <u>N/A</u>

**10**. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? Yes [X] No [ ]

**11**. If your answer to Question 10 was "Yes," give the following information:

(a)(1) Name of court: <u>Fifteenth Judicial Circuit in and for Palm Beach County, Florida.</u>

   (2) Docket or case number (if you know): <u>15CF003354AMB.</u>

   (3) Date of filing (if you know): <u>October 23, 2017</u>

   (4) Nature of proceeding: <u>Motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850.</u>

   (5) Grounds raised: <u>(1) scoresheet error; (2)(A) trial counsel was ineffective for failing to move to dismiss counts two and three, which led to Petitioner's entry of a plea to crimes for which there was no factual basis; (2)(B) trial counsel was ineffective for failing to object to the scoresheet error; (2)(C) trial counsel was ineffective for failing to ensure that Petitioner's sentence was in conformance with the plea agreement.</u>

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [X]

   (7) Result: <u>Summarily denied.</u>

   (8) Date of result (if you know): <u>October 15, 2018.</u>

(b) If you filed any second petition, application or motion give the same information:

   (1) Name of court: <u>N/A</u>

   (2) Docket or case number (if you know): <u>N/A</u>

   (3) Date of filing (if you know): <u>N/A</u>

   (4) Nature of proceeding: <u>N/A</u>

   (5) Grounds raised: <u>N/A</u>

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [ ]

   (7) Result: <u>N/A</u>

   (8) Date of result (if you know): <u>N/A</u>

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: <u>N/A</u>

(2) Docket or case number (if you know): <u>N/A</u>

(3) Date of filing (if you know): <u>N/A</u>

(4) Nature of proceeding: <u>N/A</u>

(5) Grounds raised: <u>N/A</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  Yes [ ] No [ ]

(7) Result: <u>N/A</u>

(8) Date of result (if you know): <u>N/A</u>

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes [X] No [ ]

(2) Second petition:  Yes [ ] No [ ]

(3) Third petition:   Yes [ ] No [ ]

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: <u>N/A</u>

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

<u>**GROUND ONE:**</u>

TRIAL COUNSEL WAS INEFFECTIVE, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, FOR FAILING TO MOVE TO DISMISS COUNTS TWO AND THREE OF THE INFORMATION, WHICH LED TO PETITIONER ENTERING A PLEA TO CRIMES FOR WHICH THERE WAS NO FACTUAL BASIS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In counts 2 & 3, Petitioner was charged with kidnapping. Recognizing that there was no evidence to support the charges, trial counsel prepared a motion to dismiss counts 2 & 3. But instead of filing the motion to dismiss, counsel advised Petitioner to abandon the motion and enter a plea of guilty to the lesser included offenses of false imprisonment (counts 2 & 3), along with the other pending offenses (counts 1, 5, 6 & 7), in exchange for 180 months imprisonment. Although Petitioner knew he was innocent of counts 2 & 3, he followed counsel's advice and entered the guilty plea. As a result, Petitioner entered a plea to crimes for which there was no factual basis and, absent counsel's erroneous advice, he would not have entered the plea and would have insisted on going to trial.

The facts of the case, which demonstrate the lack of a factual basis, are as follows. The alleged victims of counts 2 & 3 were children; 9 and 4 years old. And there is no evidence that either child was ever confined or that Petitioner ever used any force or threatened them in any way, all of which are essential elements of not only kidnapping, but also false imprisonment. Joseph Lowe (the father of both children) testified that the children remained asleep in the back seat of the vehicle throughout the entire 30-second car-jacking attempt and that they did not wake up until after the incident was over, which demonstrates Petitioner had no knowledge of their presence before or during the incident. Moreover, neither child was in a car seat at the time of the incident, which made them all but invisible in the back seat, especially with the dark tint that was on the windows of the vehicle.

From the outset of this case, Petitioner has maintained that he had no knowledge, upon entering the abandoned vehicle, that the two children were asleep in the back seat, and his assertion was never disputed by the state. At the plea hearing, Petitioner apologized to the victim and explained that he did not know the children were in the vehicle when he attempted to take it:

> DEFENDANT:  I'd like to just apologize to the victim. I'm sorry, Mr. Lowe. I didn't know your kids was [sic] in the car; I really do apologize and I'm very remorseful and I'm going to do my time for you. I'm sorry.
>
> MR. LOWE:   Thank you (plea hearing at 14).

The record therefore reveals that Petitioner had no knowledge of the children's presence in the back seat when he attempted to take the car, and knowledge is an essential element of both kidnapping and false imprisonment under Florida law. Even the trial court acknowledged that there was insufficient evidence to support counts 2 & 3:

> THE COURT:   And I agree that that [i.e., Counts 2 & 3] should have never been filed.
>
> TRIAL COUNSEL:     Yeah.
>
> THE COURT:   It would have been very difficult to prove at trial… (plea hearing at 4).

Because trial counsel advised Petitioner to forgo filing the motion to dismiss counts 2 & 3 and to enter a plea to the lesser offenses of false imprisonment, Petitioner stands convicted of serious crimes for which there was no factual basis. Absent counsel's error, the outcome of the case would have been different, because Petitioner would not have pled guilty to counts 2 & 3, but would have, instead, insisted on going to trial on those counts; and Petitioner almost certainly would have been acquitted in light of the insufficient evidence to support them.

In adjudicating this claim, the state trial court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Even though the judge who accepted the plea acknowledged the utter lack of evidence to support counts 2 & 3 (and this is the same judge that would have ruled on the motion to dismiss), the state trial court (via a successor post-conviction judge) rejected Petitioner's claim of ineffective assistance of counsel for failing to file the motion to dismiss, and Petitioner now stands convicted of crimes he did not even commit. Petitioner is therefore entitled to federal habeas corpus relief under 28 U.S.C. § 2254(d)(1), and his convictions and sentences on counts 2 & 3 must be vacated.

(b) If you did not exhaust your state remedies on Ground one, explain why: <u>N/A.</u>

(c) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes [X] No [ ]

    (2) If you did not raise this issue in your direct appeal, explain why: <u>This is a claim of ineffective assistance of trial counsel, which is appropriately raised in a motion for post-conviction relief under Fla. R. Crim. P. 3.850.</u>

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion in a state trial court? Yes [X] No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for post-conviction relief pursuant to Fla. R. crim. P. 3.850.

Name and location of the court where the motion or petition was filed: Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

Docket or case number (if you know): 15CF003354AMB.

Date of the court's decision: October 15, 2018.

Result (attach a copy of the court's opinion or order, if available): Summarily denied.

(3) Did you receive a hearing on your motion or petition?  Yes [ ] No [X]

(4) Did you appeal from the denial of your motion or petition? Yes [X] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes [X] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fourth District Court of Appeal of Florida.

Docket or case number (if you know): 4D18-3723.

Date of the court's decision: March 21, 2019; rehearing denied on April 30, 2019.

Result (attach a copy of the court's opinion or order, if available): Per curiam affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:**

> TRIAL COUNSEL WAS INEFFECTIVE, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, FOR FAILING TO OBJECT TO THE SCORESHEET ERROR

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner was originally charged in counts 2 & 3 with kidnapping, victim under 13 years of age, which is a level 9-1st degree felony punishable by life. *See* § 787.01(1)(b), Fla. Stat. (2015). However, the state agreed to reduce counts 2 & 3 to the lesser included offense of false imprisonment, a level 6-3rd degree felony, if Petitioner entered a plea of guilty to all counts. *See* § 787.02(2), Fla. Stat. (2015).

In his state post-conviction motion, Petitioner asserted under oath that assistant state attorney (ASA) Adriana Lopez was seeking an upward departure of 57 months from what she believed was the lowest permissible sentence (LPS) of 123 months, totaling 180 months in prison. Petitioner agreed to the terms of the proposed plea agreement, and a date was set for him to enter the plea.

Prior to the plea conference, the state prepared a Criminal Punishment Code scoresheet. According to the state's calculations, the total sentence points amounted to 192, with an LPS of 123 months. But instead of listing counts 2 & 3 as level 6-3rd degree felonies consistent with the terms of the plea agreement, the state listed counts 2 & 3 as level 9-1st degree felonies under § 787.02(3)(a). Consequently, the total sentence points erroneously reflected 192, when they should have been 108, and the lowest permissible sentence was 123 months, when it should have been 81 months.

Trial counsel did not check the state's scoresheet calculation before advising Petitioner to enter the plea. And so, at the time he entered the plea, Petitioner had no idea that there was an error in the state's scoresheet calculation.

Petitioner asserted under oath in his state post-conviction motion that, although he ultimately received 180 months in prison (which is more than the 123 months that the State thought to be the LPS), it cannot be said that the same sentence would have been imposed with a correct scoresheet. This is because as part of the negotiated plea agreement, ASA Lopez explicitly agreed to give Petitioner exactly 57 months above the LPS. Therefore, with a correct scoresheet, Petitioner would have received a sentence of 138 months, not 180, given that 81 months + 57 months = 138 months.

Also significant is that, during the plea conference, the trial court asked ASA Lopez to advise Petitioner of the maximum penalty he was facing, along with the recommended guidelines. Nevertheless, the state merely outlined each count of the information and explained what the total sentence would be, but did not inform Petitioner and the court about the maximum penalty he faced or what the guidelines were prior to accepting the plea (plea hearing at 6-7).

In adjudicating this claim, the state trial court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Significantly, the trial court acknowledged the existence of the scoresheet error and ordered that a new scoresheet be prepared and made part of the record, but refused to afford Petitioner any relief on his claim. Petitioner is therefore entitled to federal habeas corpus relief under 28 U.S.C. § 2254(d)(1), because the state court record does not show that the same sentence would have been imposed with a correct scoresheet.

(b) If you did not exhaust your state remedies on Ground Two, explain why: <u>N/A.</u>

(c) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes [X] No [ ]

    (2) If you did not raise this issue in your direct appeal, explain why: <u>This is a claim of ineffective assistance of trial counsel, which is appropriately raised in a motion for post-conviction relief under Fla. R. Crim. P. 3.850.</u>

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion in a state trial court? Yes [X] No [ ]

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: <u>Motion for post-conviction relief pursuant to Fla. R. crim. P. 3.850.</u>

        Name and location of the court where the motion or petition was filed: <u>Fifteenth Judicial Circuit in and for Palm Beach County, Florida.</u>

        Docket or case number (if you know): <u>15CF003354AMB.</u>

        Date of the court's decision: <u>October 15, 2018.</u>

        Result (attach a copy of the court's opinion or order, if available): <u>Summarily denied.</u>

    (3) Did you receive a hearing on your motion or petition?  Yes [ ] No [X]

    (4) Did you appeal from the denial of your motion or petition? Yes [X] No [ ]

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes [X] No [ ]

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: <u>Fourth District Court of Appeal of Florida.</u>

        Docket or case number (if you know): <u>4D18-3723.</u>

        Date of the court's decision: <u>March 21, 2019; rehearing denied on April 30, 2019.</u>

        Result (attach a copy of the court's opinion or order, if available): <u>*Per curiam affirmed.*</u>

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: <u>N/A</u>

**GROUND THREE:**

TRIAL COUNSEL WAS INEFFECTIVE, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, FOR FAILING TO ENSURE THAT PETITIONER'S SENTENCE WAS IN CONFORMANCE WITH THE SPECIFIC TERMS OF THE PLEA AGREEMENT

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Under the specific terms of the plea agreement, the state was seeking an upward departure sentence of 57 months above the LPS. However, due to the scoresheet error, the state believed the LPS was 123 months when it was actually 81 months. Because counsel failed to recognize the scoresheet error, Petitioner's sentence is not in conformance with the specific terms of the plea agreement. Counsel was obligated to ensure that Petitioner's sentence conformed to the specific terms of the plea agreement, which was 57 months above the true LPS of 81 months, amounting to 138 months, not 180 months—a difference of 42 months.

Because trial counsel failed to ensure that Petitioner's sentence was in conformance with the specific terms of the plea agreement, and because Petitioner is now serving 42 months more than what he should be as a result of counsel's error, Petitioner's sentence must be reversed and he must be resentenced in conformance with the plea agreement; that is, he must be resentenced to 138 months, which is 57 months above the true lowest permissible sentence of 81 months.

In adjudicating this claim, the state trial court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Significantly, the trial court acknowledged the existence of the scoresheet error which rendered Petitioner's sentence inconsistent with the specific terms of the plea agreement, but the court still refused to grant him any form of relief on this claim. Petitioner is therefore entitled to federal habeas corpus relief under 28 U.S.C. § 2254(d)(1), because his sentence of 180 months imprisonment cannot be reconciled with the specific terms of the plea agreement, *i.e.*, 57 months above the LPS which is 138 months imprisonment—and the discrepancy is the direct result of trial counsel's error.

(b) If you did not exhaust your state remedies on Ground Three, explain why: <u>N/A.</u>

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [X] No [ ]

(2) If you did not raise this issue in your direct appeal, explain why: <u>This is a claim of ineffective assistance of trial counsel, which is appropriately raised in a motion for post-conviction relief under Fla. R. Crim. P. 3.850.</u>

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion in a state trial court? Yes [X] No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Motion for post-conviction relief pursuant to Fla. R. crim. P. 3.850.</u>

Name and location of the court where the motion or petition was filed: Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

Docket or case number (if you know): 15CF003354AMB.

Date of the court's decision: October 15, 2018

Result (attach a copy of the court's opinion or order, if available): Summarily denied.

(3) Did you receive a hearing on your motion or petition?  Yes [ ] No [X]

(4) Did you appeal from the denial of your motion or petition? Yes [X] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes [X] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fourth District Court of Appeal of Florida.

Docket or case number (if you know): 4D18-3723.

Date of the court's decision: March 21, 2019; rehearing denied on April 30, 2019.

Result (attach a copy of the court's opinion or order, if available): *Per curiam affirmed.*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

Yes [X] No [ ] If your answer is "No", state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

Yes [ ] No [X] If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

Yes [ ] No [X] If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Jack Fleischman of Fleischman & Fleischman, P.A., 2161 Palm Beach Lakes Blvd., Ste. 403, West Palm Beach, Florida 33409-6613.

(b) At arraignment and plea: Jack Fleischman of Fleischman & Fleischman, P.A., 2161 Palm Beach Lakes Blvd., Ste. 403, West Palm Beach, Florida 33409-6613.

(c) At trial: Jack Fleischman of Fleischman & Fleischman, P.A., 2161 Palm Beach Lakes Blvd., Ste. 403, West Palm Beach, Florida 33409-6613.

(d) At sentencing: <u>Jack Fleischman of Fleischman & Fleischman, P.A., 2161 Palm Beach Lakes Blvd., Ste. 403, West Palm Beach, Florida 33409-6613.</u>

(e) On appeal: <u>N/A; did not pursue a direct appeal.</u>

(f) In any post-conviction proceeding: <u>*Pro se*</u>

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>*Pro se*</u>

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

    Yes [ ] No [X]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: <u>N/A</u>

(b) Give the date the other sentence was imposed: <u>N/A</u>

(c) Give the length of the other sentence: <u>N/A</u>

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

    Yes [ ] No [X]

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. $ 2244(d) does not bar your petition.* One-year statute of limitations as contained in 28 U.S.C. $ 2244(d) does not bar your petition.

The instant petition is timely. The state trial court imposed Petitioner's sentence on August 25, 2016. Shortly thereafter, on September 19, 2016, Petitioner filed a motion to withdraw plea. On October 17, 2016, the state trial court denied Petitioner's motion to withdraw plea. And Petitioner did not file a direct appeal, so his AEDPA one-year time limit commenced to run on November 16, 2016, when the 30-day time limit expired during which Petitioner could have filed a notice of appeal following the state trial court's denial of his motion to withdraw plea. *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (expressing that when no direct appeal was taken from the original judgment of conviction, the judgment of conviction became final when the time for filing a direct appeal expired); *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted.").

Petitioner's AEDPA one-year time limit ran unchecked until May 9, 2017, when he filed a motion to correct jail credit. From the time his conviction and sentence became final on November 16, 2016, to the time he filed his motion for jail credit on May 9, 2017, Petitioner spent **174** days of his 365-day time limit, leaving him 191 days. On June 23, 2017, the state trial court denied Petitioner's motion for jail credit, and his AEDPA time limit begon to run again on June 24, 2017.

Petitioner's AEDPA one-year time limit ran unchecked until October 23, 2017, when he filed his rule 3.850 motion for post-conviction relief. Petitioner therefore spent another **122** days of his 365-day time limit, leaving him 69 days. Petitioner's time remained tolled until April 30, 2019, when the Fourth District Court of Appeal denied his motion for rehearing.

Petitioner's AEDPA one-year time limit ran unchecked until May 24, 2019, when he filed the instant petition for writ of habeas corpus. Petitioner therefore spent another **24** days of his 365-day time limit. Because **174 + 122 + 24 = 320**, and because **365 − 320 = 45**, Petitioner has 45 days remaining on his AEDPA one-year time limit as of the filing of this petition. This petition is therefore timely filed under the AEDPA.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this 24th day of May, 2019.

Executed on this 24th day of May, 2019, by the undersigned.

#L39056

Michael Samuels DC# L39056
Signature of Petitioner

PROVIDED TO
SOUTHBAY CORRECTIONAL FACILIT
ON May 28th, 19 FOR MAILING



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

STATE OF FLORIDA

v.

MICHAEL DEEN RAPHAEL SAMUELS,
    Defendant.

_____/

CRIMINAL DIVISION: "X"
CASE NO.: 2015CF003354AXXXMB

## ORDER DENYING DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

**THIS CAUSE** came before the Court on Defendant Michael Deen Raphael Samuels' ("Defendant") *pro se* Amended Motion for Postconviction Relief ("Motion") under Florida Rule of Criminal Procedure 3.850, filed on October 27, 2017. The Court carefully examined and considered Defendant's Motion, the State's Response, Defendant's Reply to State's Response, the court file, and applicable law.

### A. STATEMENT OF THE CASE AND FACTS

Defendant was charged by Information with Carjacking (Count 1), two counts of Kidnapping – Victim Under 13 (Counts 2 and 3), Aggravated Battery (Deadly Weapon) (Count 4), Criminal Mischief ($1000 or more) (Count 5), Leaving Scene of Crash Involving Damage (Count 6), and Failure to Fulfill Duty Upon Damaging Unattended Property (Count 7). (State's Ex. "A," Information.) On July 30, 2015, the State *nolle prossed* Count 4. (State's Ex. "B," Court Event Form.)

On August 25, 2016, Defendant entered into a negotiated plea agreement and pleaded guilty as charged to Counts 1, 5, 6, and 7, and the Court adjudicated Defendant guilty accordingly. (State's Ex. "F," Plea Agreement.) Defendant also pleaded guilty to and the Court adjudicated Defendant guilty of the lesser included offense of False Imprisonment of a Child Less Than 13

Years of Age in Counts 2 and 3. *Id.* In accordance with the negotiated plea agreement, the Court sentenced Defendant to fifteen (15) years in the Department of Corrections ("DOC") on Count 1. (State's Ex. "H," Sentence Order.) The Court also sentenced Defendant to five (5) years in the DOC on Counts 2, 3, and 5, and to time served on Counts 6 and 7. *Id.* All sentences were to run concurrently, and Defendant was awarded credit for 511 days of time served. *Id.*

On September 19, 2016, Defendant filed a Motion to Withdraw Plea, which the Court denied. (State's Ex. "J," Def.'s Mot. to Withdraw Plea.) Defendant then filed a *pro se* Motion for Correction of Jail Credit on May 9, 2017, which the Court also denied. (State's Ex. "K," Mot. for Correction of Jail Credit.) On October 23, 2017, Defendant filed a *pro se* Motion for Post-Conviction Relief. (State's Ex. "L," Mot. for Postconviction Relief.) Defendant filed an Amended Motion for Postconviction Relief on October 27, 2017. Defendant then filed a second copy of the same Motion on January 25, 2018. Presently pending is Defendant's Amended Motion for Postconviction Relief.

## B. LEGAL ANALYSIS AND RULINGS

In the instant Motion, Defendant raises two grounds for relief. First, he argues that the scoresheet presented for sentencing was erroneous by reflecting an inaccurate lowest permissible sentence. Second, he argues his trial counsel was ineffective by failing to move to dismiss Counts 2 and 3, by failing to object to the scoresheet error, and by failing to ensure Defendant's sentence conformed to the plea agreement.

### 1. Erroneous Scoresheet

Instead of pleading guilty to the two charges of Kidnapping, Defendant pleaded guilty to two counts of False Imprisonment, a lesser included offense. Defendant asserts the scoresheet presented for sentencing erroneously denoted the two charges of False Imprisonment as a level

nine, first-degree felony instead of a level six, third-degree felony, resulting in an inaccurate lowest permissible sentence of 123 months instead of 81 months. In response, the State argues that False Imprisonment of a child under the age of thirteen is designated as a third-degree, level-nine offense. However, this is incorrect. A person who commits the offense of false imprisonment of a child under the age of thirteen is guilty of a felony of the third degree. § 787.02(1)(b), 787.02(2), Fla. Stat. (2015). A conviction for False Imprisonment under section 787.02(2) is a level six felony. § 921.0022, Fla. Stat. (2015). Additionally, the record reflects that both the trial judge and the parties to the plea agreement understood the two False Imprisonment counts to be third-degree felonies, and not first-degree felonies under Florida Statutes section 787.02(3)(a). (Tr. 11:22-25.) Therefore, Defendant's scoresheet should reflect false imprisonment as a level six, third-degree felony.

Nonetheless, Florida law provides that "when a defendant enters a negotiated plea for a term of years, relying upon an incorrectly calculated scoresheet, such sentence is not illegal so long as it does not exceed the statutory maximum." *Mortimer v. State*, 770 So. 2d 743, 744 (Fla. 4th DCA 2000), (citing *Ivy v. State*, 754 So. 2d 776 (Fla. 4th DCA 2000); *Gibson v. State*, 619 So. 2d 31 (Fla. 4th DCA 1993); *Kleppinger v. State*, 760 So. 2d 1045 (Fla. 2d DCA 2000); *Dunenas v. Moore*, 762 So. 2d 1007 (Fla. 3d DCA 2000); *Gainer v. State*, 590 So. 2d 1001 (Fla. 1st DCA 1991)). "Any error on a scoresheet is harmless where a defendant's sentences are the result of his negotiated plea agreement." *Hill v. State*, 730 So. 2d 322, 323 (Fla. 1st DCA 1999); see also *Harris v. State*, 810 So. 2d 1093, 1094 (Fla. 5th DCA 2002) (defendant's scoresheet errors are harmless where defendant entered into a negotiated plea).

Because Defendant entered a guilty plea in accordance with a negotiated plea agreement specifically providing for fifteen years (180 months) of incarceration, and none of the individual

Page 3 of 8

sentences imposed exceed the relevant statutory maximum, his sentences are not illegal. Furthermore, during the plea colloquy, the Court clarified that the fifteen-year sentence is not the minimum mandatory, demonstrating that neither the trial judge nor the parties to the plea agreement intended Defendant to be sentenced to the lowest permissible guidelines sentence. (Tr. 12:14-17.) The record reflects Defendant entered his plea in exchange for a fifteen-year sentence, not a guidelines sentence.

Defendant further alleges that in negotiating the plea agreement, the State intended to seek an upward departure of 57 months from the lowest permissible sentence. Defendant argues the State, believing the lowest permissible sentence to be 123 months, agreed to a sentence of 180 months, or 57 months above the 123 month incorrectly-calculated lowest permissible sentence. Thus, Defendant argues the sentence agreed to in the plea agreement should have been 57 months above the correctly calculated lowest permissible sentence of 81 months, resulting in a sentence of 138 months instead of 180 months. Contrary to Defendant's assertions, the record does not clearly demonstrate that the trial judge and parties to the plea agreement intended that Defendant be sentenced to an upward departure of 57 months from the lowest permissible sentence. The record simply reflects that Defendant negotiated for a fifteen-year sentence, which he received. Accordingly, any error on Defendant's scoresheet is harmless, and Defendant's request for resentencing is denied.

However, Defendant is entitled to a correctly prepared scoresheet in the record. See *Taylor v. State*, 832 So. 2d 831 (Fla. 4th DCA 2002) (although scoresheet error was harmless as to defendant's sentence, he is entitled to a corrected scoresheet); see also *Poole v. State*, 777 So. 2d 1186, 1187 (Fla. 5th DCA 2001) (defendant is entitled to an accurate scoresheet even if it will not

affect his sentence).  Therefore, a new scoresheet should be prepared, even though doing so will not affect Defendant's sentence.

### 2. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 688 (1984); see also *Wiggins v. Smith*, 539 U.S. 510 (2003) (reaffirming the *Strickland* two-prong analysis for claims of ineffective assistance of counsel).  There is a strong presumption "that counsel's conduct falls within the range of reasonable professional assistance" or that the challenged action might be considered sound trial strategy. *Id.* at 690.  To avoid the distorting effects of hindsight perspective, a court deciding on this matter must judge the reasonableness of counsel's challenged performance as viewed at the time of the counsel's performance. *Id.*

Defendant argues his trial counsel was ineffective by failing to move to dismiss Counts 2 and 3 for Kidnapping.  However, a motion to dismiss Counts 2 and 3 would have been unavailing.  The probable cause affidavit alleges facts that could support a conviction for kidnapping.  (State's Ex. "A," Probable Cause Aff.)  Whether the incident transpired as alleged is something for the jury to decide, not the court on a motion to dismiss.  Counsel was not ineffective for failing to file a motion that would have been denied. See *Whitted v. State*, 992 So. 2d 352, 352 (Fla. 4th DCA. 2008) (counsel's failure to file motion to dismiss charges was not ineffective assistance of counsel where the motion was sure to be denied).

Furthermore, Defendant's claim of ineffective assistance of counsel for failure to move to dismiss Counts 2 and 3 is an attempt to go behind the plea.  Defendant now claims he is innocent of these two charges to which he pleaded guilty.  "Once the Defendant enters a plea of guilty [

.] and assures the [c]ourt under oath that the plea is voluntary, the [c]ourt will not go behind the plea. The plea cuts off inquiry into all that precedes it. The Defendant is barred from contesting events happening before the plea." *Stano v. State*, 520 So. 2d 278, 280 (Fla. 1988). During the plea colloquy, Defendant agreed to the factual basis supporting the charges to which he pleaded guilty. The record demonstrates that Defendant made his guilty plea freely and voluntarily after discussions with trial counsel and that he had no questions to ask counsel before he pleaded guilty. Therefore, his counsel was not ineffective by failing to move to dismiss Counts 2 and 3.

Defendant also argues his trial counsel was ineffective by failing to object to the scoresheet error. "The failure to object to scoresheet errors constitutes ineffective assistance of counsel if counsel failed to object to errors of which counsel knew or should have known." *Harrelson v. State*, 40 So. 3d 57, 59 (Fla. 2d DCA 2010) (quoting *Matton v. State*, 872 So.2d 308, 312 (Fla. 2d DCA 2004)). Because Defendant's counsel should have known of the scoresheet error, trial counsel's failure to object to the scoresheet error constitutes deficient performance.

However, to be entitled to postconviction relief, Defendant must show not only that trial counsel's performance was deficient but also that he was prejudiced by that deficiency. When an ineffective assistance of counsel claim arises from the entry of a guilty plea, the *Strickland* "prejudice" requirement is modified to focus on whether counsel's ineffective performance affected the outcome of the plea process. "In order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

Here, Defendant did not allege that, had counsel correctly informed him about the scoresheet error, he would have pleaded not guilty and insisted on going to trial on all charges.

Nor did Defendant allege that he placed particular emphasis on the scoresheet in deciding whether or not to plead guilty.  Therefore, Defendant's allegations do not satisfy the *Strickland* "prejudice" requirement.

2 ( c )   **3.  Conformity with the Plea Agreement**

Last, Defendant argues his trial counsel was ineffective by failing to ensure Defendant's sentence conformed to the plea agreement.  Specifically, Defendant re-alleges that in negotiating the plea agreement, the State intended to seek an upward departure of 57 months from the lowest permissible sentence, and that trial counsel's failure to recognize the scoresheet error resulted in a sentence not in conformance with the plea agreement. *# Not Conclusively Refute (Andy)* As stated above, there is nothing in the record to support Defendant's assertion that the parties to the plea agreement intended that Defendant be sentenced to an upward departure of 57 months from the lowest permissible sentence. # The record simply reflects that Defendant negotiated for a fifteen-year sentence, which he received.  Because Defendant's sentence does conform to the plea agreement, trial counsel's performance was not deficient in this regard.

Accordingly, it is hereby

**ORDERED** that Defendant's Amended Motion for Postconviction Relief is **DENIED.** The Court hereby adopts and incorporates into this Order the exhibits attached to the State's Response.  Defendant may appeal this Order within thirty (30) days of rendition of this Order.

**DONE AND ORDERED**, in Chambers at West Palm Beach, Palm Beach County, Florida this 15th day of October , 2018.

JOSEPH MARX
Circuit Judge

Copies provided to:

Michael Samuels, DC# L39056, South Bay Correctional Facility, 600 U.S Highway 27, South, South Bay, Florida 33493-2233

Renelda E. Mack, Esq., Assistant State Attorney, 401 North Dixie Highway, West Palm Beach, Florida 33401 (e-postconviction@sa15.org)

COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

STATE OF FLORIDA

CRIMINAL DIVISION: "X"
CASE NO.: 2015CF003354AXXXMB

v.

MICHAEL DEEN RAPHAEL SAMUELS,
     Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REHEARING

**THIS CAUSE** came before the Court on Defendant Michael Deen Raphael Samuels'
("Defendant") Motion for Rehearing ("Motion"), filed on November 19, 2018. The Court
carefully reviewed Defendant's Motion and is otherwise fully advised in the premises.

As discussed in the Court's Order Denying Defendant's Motion for Postconviction Relief
entered on October 15, 2018, Defendant does not allege that he would have pleaded not guilty and
insisted on going to trial on all charges had counsel correctly informed him about the scoresheet
error. Nor did Defendant allege that he placed particular emphasis on the scoresheet in deciding
whether or not to plead guilty. "Failure to demonstrate prejudice defeats the claim of ineffective
assistance of counsel." *Sanchez v. State*, 164 So. 3d 4, 5 (Fla. 4th DCA 2014) (citing *Strickland
v. Washington*, 466 U.S. 668 (1984)).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Rehearing is **DENIED** without prejudice and with twenty (20) days leave to amend to properly allege facts demonstrating prejudice as a result of trial counsel's failure to object to the scoresheet error.

**DONE AND ORDERED**, in Chambers at West Palm Beach, Palm Beach County, Florida this 21 day of November, 2018.

JOSEPH MARX
Circuit Judge

Copies provided to:
Michael Samuels, DC# L39056, South Bay Correctional Facility, 600 U.S Highway 27, South, South Bay, Florida 33493-2233

Renelda E. Mack, Esq., Assistant State Attorney, 401 North Dixie Highway, West Palm Beach, Florida 33401 (e-postconviction@sa15.org)

Also mailed to: South Bay Correctional Rehab Facility, P.O. Box 7171, South Bay, Florida 33493

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL SAMUELS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3723

[March 21, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 50-2015-CF-003354-AXXX-MB.

Michael Samuels, South Bay, pro se.

No appearance required for appellee.

PER CURIAM.

*Affirmed.*

GROSS, CIKLIN and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401

April 30, 2019

**CASE NO.: 4D18-3723**
L.T. No.:    502015CF003354A

MICHAEL SAMUELS                    v.    STATE OF FLORIDA

_____

Appellant / Petitioner(s)              Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that the appellant's April 4, 2019 "motion for rehearing and/or clarification and request for written opinion" is denied.


Served:

cc:   Attorney General-W.P.B.      Michael Samuels

kh


*Lonn Weissblum*

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**



From: Mr. Michael Samuels #C39056
South Bay Corr. Rehab Facility
P.O Box 7171
South Bay, Fc 33493

Hasler
05/29/2019
US POSTA

To: United States District
Southern Florida
701 Clematis St. R
West Palm Beach, Fc 33